UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADVOCACY TRUST, LLC
as Special Administrator and Personal
Representative of the Estate of
THOMAS ROY RODABAUGH, Deceased                                    PLAINTIFF

v.                                  No. 5:21-CV-05064

KIA MOTORS CORPORATION, et al.                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff's motion (Doc. 10) for remand and leave to file amended complaint. Defendants Kia Motors America, Inc. and Kia Motors Corporation ("Kia Defendants") filed a response (Doc. 11) in opposition. Plaintiff filed a reply (Doc. 14) with leave of Court. For the reasons set forth below the motion will be denied.

Plaintiff originally initiated this action in the Circuit Court of Benton County, Arkansas on October 8, 2020, against Kia Motors Corporation, Kia Motors America, Inc., Crain Kia of Bentonville ("Crain Kia"), and John Does 1-3. On April 2, 2021 Plaintiff filed a motion to dismiss Crain Kia of Bentonville as a party and the state court granted the motion on April 6, 2021. Plaintiff's motion represented that a new party, Fletcher Automotive No. 25, LLC d/b/a Frank Fletcher Kia ("Fletcher Kia"), was the appropriate entity to sue and that Plaintiff would file a second amended complaint naming Fletcher Kia. On April 8, 2021, Kia Defendants removed to this Court asserting the Court had original jurisdiction under 28 U.S.C. § 1332. Plaintiff's instant motion seeks leave to amend its complaint to add a non-diverse defendant and requests the Court remand for lack of subject-matter jurisdiction.

The parties agree that at the time of removal there was complete diversity of citizenship. Plaintiff brings this action as Special Administrator and Personal Representative of the Estate of

1

Thomas Roy Rodabaugh. Title 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Because Mr. Rodabaugh was a citizen of Arkansas at the time of his death, Plaintiff is deemed a citizen of Arkansas. Kia Motors America, Inc. is a California corporation with its principal place of business in California, and therefore is a citizen of California. Kia Motors Corporation is a foreign company organized under the laws of South Korea and is a citizen of South Korea pursuant to 28 U.S.C. § 1332(c)(1). Jurisdiction "is measured either at the time the action is commenced, or . . . at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted). At the time of removal, it is clear this Court had original jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's proposed amended complaint seeks to add Fletcher Kia as a defendant. The parties both allege Fletcher Kia is an Arkansas citizen,[1] and amendment would destroy diversity and divest this Court of jurisdiction.

Federal Rule of Civil Procedure 15(a)(2) directs the Court to "freely give leave [to amend pleadings] when justice so requires." However, 28 U.S.C. § 1447 governs the procedure after removal and states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to States court." Joinder is required if the Plaintiff shows the new parties are necessary and indispensable pursuant to Fed. R. Civ. P. 19. *Bailey v. Bayer CropScience L.P.*,

---

[1] The Court notes Plaintiff has not adequately alleged Fletcher Kia's citizenship. The citizenship of an LLC is the state or states of citizenship of each of its members, and that citizenship must be traced down the organizational chart. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Plaintiff's motion alleges Fletcher Kia is an "Arkansas incorporated organization." Further, Plaintiff's proposed amended complaint states Fletcher Kia is an "Arkansas Limited Liability Company with its principal place of business in . . . Arkansas." (Doc. 10-1, p. 4). Neither of these statements appropriately alleges citizenship of an LLC. However, for the purposes of this motion this Court will assume that at least one of Fletcher Kia's members is a citizen of Arkansas and that Fletcher Kia is an Arkansas citizen.

2

563 F.3d 302, 308 (8th Cir. 2009) ("The trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion." (internal quotation and citation omitted)). "If a potential defendant, whose joinder would destroy diversity jurisdiction, is determined to be indispensable, the district court must either permit joinder and grant remand under 1447(e), or dismiss the action pursuant to Rule 19(b)." *Id.* If a party proposed to be joined is not indispensable, joinder is permitted at the discretion of the district court. *Id.*

To determine if a party is indispensable, the Court must analyze the factors found in Rule 19(b) on a case-by-case basis. *See Helzberg's Diamond Shops, Inv. v. Valley W. Des Moines Shopping Ctr., Inc.*, 564 F.2d 816, 818-19 (8th Cir. 1977). The factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, the factors weigh against a finding that Fletcher Kia is an indispensable party. Plaintiff has not alleged that Fletcher Kia is a necessary or indispensable party. Instead, Plaintiff's proposed amended complaint states that Fletcher Kia "has dissolved and another business has obtained ownership as a separate entity apart from [Fletcher Kia]." (Doc. 10-1, p. 4). A search of the Arkansas Secretary of State's website[2] confirms Fletcher Kia has dissolved. Because Fletcher Kia has been dissolved and another entity has obtained ownership, it is unlikely Fletcher Kia has any remaining assets and it is unclear why Plaintiff would be eager "for the chance to procure

---

[2] https://www.sos.arkansas.gov/corps/search_corps.php.

blood from stone." *CP Solutions PTE, Ltd. V. Gen. Elec. Co.*, 553 F.3d 156, 160 (2nd Cir. 2009) (finding dissolved corporation with no assets was not indispensable party). Further, Kia Defendants would not be prejudiced if Fletcher Kia is not a party because Arkansas law allows for apportionment of fault to non-parties.[3] Although the Plaintiff can only recover from Kia Defendants damages proportional to their responsibility for Mr. Rodabaugh's injuries, the Court views as decisive the fact that Fletcher Kia is dissolved and Plaintiff would be unlikely to collect any type of judgment against it.

Because Fletcher Kia is not an indispensable party, the Court must next determine if Fletcher Kia should be added as a defendant. When an amended pleading names a new, nondiverse defendant in a removed case, the district court must "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey*, 563 F.3d at 309 (citing *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987)). The factors the court considers are "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, and (3) whether the plaintiff will be significantly injured if the amendment is not allowed." *Id.* (citing *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)).

As to the first factor, whether joinder is sought to defeat jurisdiction, "courts consider the length of time between removal to federal court and the plaintiff's request to join nondiverse parties." *Crossland v. Bio Life Emp. Servs., L.L.C.*, Case No. 4:20-cv-00612-AGF, 2021 WL 694827, at *1 (E.D. Mo. Feb. 23, 2021) (citations omitted). "Where a plaintiff attempts to add a non-diverse defendant after the case is removed, and where the plaintiff knew or should have ascertained the identity of the defendant at an earlier time, this timing strongly indicates that the

---

[3] *See* Ark. Model Jury Instr., Civil AMI 307A.

purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Id.* (citation and quotations omitted) (finding plaintiff did not seek joinder to defeat jurisdiction when plaintiff sought leave to amend "promptly upon receipt of Defendant's discovery response identifying" additional defendants).

Here, Plaintiff knew of Fletcher Kia as early as October 8, 2020, when it filed its amended complaint which alleged "Crain Kia, as the successor-in-interest to Fletcher Kia, assumed and is wholly responsible for any and all damages that may flow from the negligence, recklessness, acts, and omissions of Fletcher Kia." (Doc. 10-1, p. 4). Further, Plaintiff learned more details of the relationship between Fletcher Kia and Crain Kia from Crain Kia's discovery responses that were submitted in January 2021. Despite this knowledge, Plaintiff did not move to dismiss Crain Kia as a party until April 2, 2021, and did not seek to add Fletcher as a party until after the case had been removed. This is not a situation where Plaintiff promptly sought leave to add a defendant upon discovering information identifying Fletcher Kia as an appropriate defendant. Although Plaintiff sought amendment almost two weeks after Kia Defendants removed the action, Plaintiff offers no argument as to why Fletcher Kia could not have been added as a defendant prior to removal.[4] The first factor weighs against joinder.

---

[4] Plaintiff argues the Kia Defendants' removal was premature and the reason Plaintiff could not amend. However, the removal was proper and not premature. 28 U.S.C. § 1446(c) allows a defendant to file a notice of removal within 30 days after a case has become removeable. The Kia Defendants filed their notice of removal two days after Crain Kia was dismissed as a party and diversity of citizenship was established and Plaintiff cannot argue removal was improper. Also, Plaintiff could have sought leave to amend his complaint prior to his motion to dismiss Crain Kia as a party, or in the same motion.
    Plaintiff also argues that it did not make Fletcher Kia a party because "Plaintiff is not in the business of naming all possible Defendants in its original complaint." (Doc. 14, p. 3). Although the plaintiff is the master of his complaint, the Court does not find this a compelling argument.

As to the second factor, "a plaintiff is not dilatory when a proposed defendant is only identified through discovery." *See Crossland*, 2021 WL 694827, at *2. Kia Defendants argue Plaintiff was dilatory because Plaintiff knew of Fletcher Kia's identity and relation to the claims at issue from the outset of litigation and Plaintiff could have chosen to add Fletcher Kia immediately upon dismissal of Crain Kia. Plaintiff argues it was not dilatory because it requested amendment only fourteen days after the state court granted Plaintiff's motion to dismiss Crain Kia and because of the difficulties in determining the proper defendant. Plaintiff argues the Arkansas Secretary of State website lists more than 40 businesses related to the name "Fletcher." However, Plaintiff fails to mention a search of the term "Fletcher Kia"—which appears in Plaintiff's original complaint—reveals only four entities, including the dissolved entity Plaintiff now wishes to join as a party. Plaintiff has known of Fletcher Kia throughout this litigation and Plaintiff could have sought amendment of its complaint sooner, and the Court is not convinced Plaintiff had any good cause for choosing not to do so before now.

Even if the second factor weighed in Plaintiff's favor, the Court finds Plaintiff will not be significantly injured if amendment is disallowed. Plaintiff argues the absence of Fletcher Kia would undermine its entire case and that parallel lawsuits would possibly result in inconsistent results and inefficient use of judicial resources. However, as discussed above the potential prejudice to Plaintiff is underscored by the fact that Fletcher Kia has been dissolved and likely has no assets from which Plaintiff could recover. After weighing the factors, the Court will deny joinder.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand and leave to amend complaint is DENIED.

IT IS SO ORDERED THIS 13th day of May, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE