UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADVOCACY TRUST, LLC, as Special
Administrator and Personal Representative of
the Estate of Thomas Roy Rodabaugh, Deceased                                  PLAINTIFF

v.                                          No. 5:21-CV-05064

KIA CORPORATION, et al.                                                       DEFENDANTS

**<u>PROTECTIVE ORDER</u>**

Before the Court is the parties' joint motion (Doc. 45) for protective order and proposed protective order (Doc. 45-1). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the order entered this same day, IT IS THEREFORE ORDERED:

1. All documents and information which constitute, refer to, or otherwise incorporate trade secrets and confidential and/or proprietary information (hereinafter "Documents" and/or "Information") produced or disclosed between parties to this Action, whether voluntarily or pursuant to discovery demand or court order, and which are not already a matter of public record, shall be provided only to parties to this Action. Documents and information which do not constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information or which have already been made public are not covered by this Order.

Employees of either party may have access to such Documents and Information on a need-to-know basis. Any consultant or expert retained by either party may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 5 of this Order, to abide by the provisions of this Order.

2. This Order shall not limit a party's right to use the Documents and Information in connection with any legal proceeding related to this Action, including trial or appeal, including, but not limited to, the presentation of the Documents and Information to a jury, in open court. A party intending to offer protected information at trial must notify the disclosing or

producing party or nonparty and all other parties in writing no later than the deadline for serving pretrial disclosures. The notice must particularly identify the protected information that will be offered so the disclosing or producing party or nonparty may negotiate a stipulation concerning use of the information or request relief from the Court. A party or nonparty seeking to prevent or restrict disclosure of the identified protected information at trial must request that relief through a motion in limine (for which purpose a nonparty may intervene and enter a limited appearance) filed sufficiently in advance of trial for the Court to accommodate the request if granted, and in any case no later than the deadline to file motions in limine. The Documents and any Information derived from examination of said Documents as well as any other Information provided by parties which is designated as Privileged and Confidential shall be used only inconnection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or order of the Court. If a party or nonparty in possession of protected information under this order is served with a subpoena, order, or other legal process issued in other proceedings commanding disclosure of that information, the party or nonparty must promptly notify the disclosing or producing party or nonparty of the subpoena, order, or other legal process unless it is prohibited by law from doing so.

      3.     Documents and Information which are subject to this Order and any Order entered by the Court must be marked by the producing party as "Privileged and Confidential."

      4.     Documents and Information which are subject to this order may only be published or disclosed to those persons identified in paragraph 1 of this Order who have a need to review, rely on and/or analyze such Documents and Information for the purpose of prosecuting this Action.

      5.     Except as provided in paragraph 4 above, the persons covered by this Order are prohibited from disseminating in any fashion, manner or method the Documents and Information produced herein by the parties, including any copies, notes, summaries, extracts or digests thereof, without the further written consent of the producing party or by Order of the Court.

6. Prior to the dissemination of any of the Documents or Information to any person, firm, or organization, the parties shall ensure that each such person, firm, or organization has agreed to be subject to the jurisdiction of this Court in the event of any violation or alleged violation of this Order or any Order issued pursuant thereto. The parties shall not disclose, by any means whatsoever, any Documents or Information until the person, firm, or organization to whom disclosure is to be made has:

(i)  read this Order and any Order thereon in its entirety; and,

(ii)  signed Exhibit A to this Order signifying agreement to its provision and consent to the jurisdiction of the Court over them.

7. Each party shall maintain a list of all persons, firms, or organizations to whom it has disclosed Documents and/or Information. At the conclusion of this Action, each party will furnish the attorneys for the producing party a list of all persons, firms, organizations, and/or consultants who have received any Documents or Information, as well as Exhibit A to this Order signed by each of them.

8. The production of Documents or Information shall not constitute a waiver of any party's claims in this Action. Documents or Information subject to this Order remain privileged or are otherwise non-discoverable.

9. Documents or Information may only be filed electronically under seal, and the Court will maintain that filing with access restricted to the Court and parties. Whenever practicable, Documents or Information should be redacted prior to filing, with the redacted version of a filing docketed publicly and an unredacted version filed under seal. Where electronic filing of Documents or Information is impracticable, the party or nonparty who files the Documents or Information should seek guidance from the Court prior to filing.

10. If either party inadvertently produces documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, the producing party shall make a good faith effort to immediately inform the receiving party of the inadvertent disclosure, and the receiving party shall return the documents. The parties

shall be prohibited from making any copy of the inadvertently disclosed documents or using them in any way. Either party producing such protected information shall have the right to "claw back" the produced documents upon notice to the receiving party. Further, any party's inadvertent disclosure of such documents shall not constitute a waiver of any applicable privilege or protection in the pending case or in any other state or federal proceeding or arbitration.

All Documents and Information marked "Privileged and Confidential" by a party, and copies of such materials, shall be surrendered to the attorneys for the producing party at the conclusion of this Action, or shall be destroyed by the receiving party. Each party's attorneys shall certify, within thirty (30) days of the conclusion of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met by their respective party and by all persons to whom information was disclosed as permitted by this Order. No attorney will be required to destroy any of its work-product or any exhibits which were introduced at trial, and a party may keep a list or inventory of documents produced under this protective order. No person in possession of protected information will be required to return or destroy any protected information it must retain pursuant to law, regulation, court order, or other professional obligation, but if protected information is retained on that basis following a request for return or destruction, the retained protected information and the basis for retention must be identified in writing in response to the request. Any protected information retained following resolution of this litigation remains subject to this order.

11. Any Documents or Information subject to this Order may later be removed from the terms of this Order only by written agreement of the parties or order of the Court.

12. In the event a party to this litigation disagrees with the designation of any information as "Privileged and Confidential," the parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the

party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as "Privileged and Confidential." Any information as to which such Motion is made shall remain "Privileged and Confidential" under the provisions of Order until further Order of the Court.

13. This order remains in effect and binding in perpetuity, unless vacated by this Court or by a court exercising its appellate jurisdiction over this matter. The Court retains jurisdiction over parties and nonparties to enforce the terms of this order following resolution of this litigation.

IT IS SO ORDERED this 23rd day of February, 2022.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE

## EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADVOCACY TRUST, LLC, as Special
Administrator and Personal Representative of
the Estate of Thomas Roy Rodabaugh, Deceased                          PLAINTIFF

v.                          No. 5:21-CV-05064

KIA CORPORATION, et al.                                              DEFENDANTS

    I, _____, certify that I have read the Protective Order dated February 23, 2022, entered in the above-captioned action, and further certify that I fully understand the procedural and substantive requirements of that Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of the United States District Court for the Western District of Arkansas for purposes of enforcement of the Order.

    I will maintain a log of all documents received pursuant to this Order and will return the documents in a manner that can be tracked with delivery confirmed.

DATED:_____      _____
                                                             Recipient of Document(s) *(Signature)*

                                                             _____
                                                             Print Name

                                                             _____
                                                             Company