IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased, | ) ) ) ) ) | |
| PLAINTIFFS, | ) ) | **CASE NO.: 5:21-CV-5064** |
| V. | ) ) | |
| KIA MOTORS CORPORATION, | ) ) | **JURY TRIAL DEMANDED** |
| KIA MOTORS AMERICA, INC., | ) ) | |
| And JOHN DOES 1-3, | ) ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MOTION FOR MODIFIED SCHEDULING ORDER AND CONTINUANCE OF TRIAL SETTING**

COMES NOW, the Plaintiff, ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, deceased, by and through the undersigned counsel, pursuant to Local Rule 7.2(d)(1), Local Rule 6.2, Fed. Rs. Civ. P. 6(b) and 16(b)(4), and for its Motion for Modified Scheduling Order and Continuance of Trial Setting, states as follows, to-wit:

### I.   INTRODUCTION

This products liability case arises out of the wrongful death of Mr. Thomas Rodabaugh. At the time Mr. Rodabaugh and his wife, Christine, were traveling home from grocery shopping on April 16, 2020, a vehicle driven by Mr. Jackson Tedford crashed into the Rodabaugh's Kia vehicle. The subject Kia vehicle's airbags did not deploy, thereby resulting in the death of Mr. Rodabaugh. Several items of action have been completed in this case to date, but, as is the nature

1

of a products liability wrongful death case, there are still numerous actions left to be completed. Plaintiff has diligently pursued this Court's Scheduling Order deadlines, but Plaintiff simply requires more time, especially due to the fact that both parties agree that one or more joint inspections of the subject vehicle and its related parts need to be performed, dates which are currently being scheduled for June, at the earliest.

The remaining upcoming dates set forth in the Scheduling Order are as follows:

a. Trial during the week of September 26, 2022;

b. The Deadline for Discovery, including depositions, is June 15, 2022;

c. Plaintiff's expert witness disclosure deadline is April 29, 2022, with rebuttal expert disclosures due by May 31, 2022;

d. The deadline for all Motions, except Motions *in Limine*, is July 15, 2022;

e. Motions *in Limine* must be filed by September 9, 2022;

f. Pretrial Disclosure Sheets must be filed by September 6, 2022;

g. Deposition Designations must be proffered by September 6, 2022, with Counter-designations made by September 12, 2022, objections by September 16, 2022, and responses to objections by September 19, 2022;

h. Jury Instructions must be submitted by September 19, 2022; and

i. Exhibit lists must be submitted by one day prior to the trial date;

Plaintiff's request that the dates listed above be extended by at least six (6) months is in compliance with this Court's current Scheduling Order (¶9), Local Rule 7.2(d)(1), Local Rule 6.2, Fed. R. Civ. P. 6(b), and Fed. R. Civ. P. 16(b)(4) because none of the dates listed above have yet come and because Plaintiff submits there is good cause to extend these dates. Additionally, Plaintiff has not previously requested an extension in any manner whatsoever.

Therefore, Plaintiff respectfully moves this Court to modify the existing Scheduling Order (Doc. 17) to extend the remaining upcoming dates, including the trial currently set to begin during the week of September 26, 2022, by at least six (6) months.

## II. LEGAL STANDARD

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). When an act may or must be done within a specified time, the court may, for good cause, extend the time. Fed. R. Civ. P. 6(b). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *United States v. Cameron-Ehlen Grp., Inc.,* No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795, at *1 (D. Minn. Apr. 30, 2019). Although the good cause analysis emphasizes diligence, there is not a clear test for when a party is diligent enough to establish good cause, and the district court retains broad discretion. *Id.,* quoting *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019). Eighth Circuit caselaw reflects the importance of diligence to the good cause analysis, but this caselaw does not go so far as to state that diligence is required for the district court to find good cause. *Shank v. Carleton Coll.,* 329 F.R.D. 610, 614 (D. Minn. 2019) citing *Harris v. FedEX Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).

In *United States v. Cameron*, the Court found that Plaintiffs demonstrated that good cause existed to extend the scheduling order for the following reasons:

j. Although not always at the pace Defendants would like, Plaintiffs actively pursued discovery since the Scheduling Order was issued;

k. The remaining discovery is not reasonably likely to be completed by the current deadline, irrespective of Plaintiff's diligence;

l. The Government's attorneys were briefly furloughed;

  m. There were several more depositions to take; and

  n. The Court found that no prejudice to Defendants outweighed the good cause already shown by Plaintiffs, where Defendants' primary concern was that the matter was hanging overhead and threatening business and personal relationships.

*See United States v. Cameron-Ehlen Grp., Inc.,* No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795, at *2 (D. Minn. Apr. 30, 2019).

  The case at bar is similar to the *Cameron* case because here, Plaintiff has actively been involved in Discovery and other parts of the litigation process, because there is still much Discovery to be completed and Depositions to be taken, and because Plaintiff's good cause outweighs concern(s) Defendants may have, if any.

### III. ARGUMENT

  Although the Court is aware of all of the litigation that has occurred thus far, Plaintiff would like to provide the below timeline of events which have occurred thus far in the case:

  a. Plaintiff's Complaint, together with Discovery Requests for Production, Interrogatories, and Deposition Notices, were served to Kia America, Inc., f/k/a Kia Motors America, Inc., on November 6, 2020, and Kia Corporation, f/k/a Kia Motors Corporation, accepted service in or around January 2021. Exhibit A;

  b. On February 22, 2021, after Plaintiff granted Kia an extension, Kia America responded to Plaintiff's Discovery Requests and Interrogatories with general responses and very limited documents. Exhibit B;

  c. In April 2021, Kia Corporation responded to Plaintiff's Discovery Requests and Interrogatories by providing **zero** documents and by conditioning an

4

    overwhelming majority of its responses on the entry of a Protective Order, and Kia then removed Plaintiff's case to this Court (Doc. 2);

d. Once Kia removed Plaintiff's case to this Court, Plaintiff underwent the process of attempting to Amend the Complaint and Remand, which did not conclude until May 2021 with this Court's Order (Doc. 15);

e. In June 2021, Plaintiff's counsel then underwent the process of requesting this Court admit its out-of-state counsel *pro hac vice* and entering their Notices of Appearance (Docs. 24-29);

f. In June 2021, Kia submitted its Rule 26(a)(1) Initial Disclosures;

g. On June 30, 2021, Plaintiff's counsel deposed three witnesses, two of whom were first responders to the scene where the vehicle crash and related product(s) malfunction occurred. Exhibit C;

h. All the meanwhile, via phone and email, Plaintiff's counsel attempted to make arrangements for Kia's counsel and experts to inspect the Kia vehicle being held in a storage unit in Bentonville, Arkansas, whereas Kia's counsel responded that Kia's experts were not allowed to travel for inspections at that time due to Covid-19 restrictions, and that it would likely be several months. Exhibit D;

i. In an attempt to move the case forward by arranging Defendants' inspections of the Kia vehicle, Plaintiff's counsel even offered to have the Kia vehicle transported to Kia's expert's relative locations, but Kia's counsel declined that offer;

j. In or around September 2021, one of Plaintiff's lead attorneys, Andrew Moore, transferred law firms, thereby resulting in Jessica Latour entering her appearance in this case on October 1, 2021 in place of Mr. Moore (Doc. 32);

k. Kia's counsel and experts did not inspect the Kia vehicle until the end of October 2021;

l. On February 1, 2022, Plaintiff's counsel sent its revised version of Kia's proposed Protective Order, which was then filed near the end of February 2022;

m. As soon as the Protective Order was filed, Plaintiff's counsel served a Good Faith Discovery letter to opposing counsel, requesting that Kia produce Discovery documents. Exhibit E;

n. On or about February 25, 2022, Plaintiff's counsel contacted Defendants' counsel about Requesting this Court to extend the remaining dates on the Scheduling Order, and whether Kia would join in that Request;

o. On February 28, 2022, Defendants' counsel requested additional inspections of the subject vehicles, similar to the inspections that Kia performed in October 2021, only with different experts. Exhibit F;

p. It was not until a phone call on Tuesday, March 15, 2022, that opposing counsel stated that she believed Kia's Discovery supplement was complete; and

q. In an email on March 17, 2022, Defense counsel stated that Kia would not join Plaintiff's request for an extension. Exhibit G.

Reflecting on the actions listed above, it is evident that Plaintiff has actively pursued discovery before this Court's Scheduling Order was issued and since it was issued. Plaintiff served numerous Requests for Documents and Interrogatories to Kia, Plaintiff's experts have

inspected the Kia vehicle, Plaintiff attempted to arrange Kia's experts to inspect the subject vehicle as soon as possible (see Exhibit D), Plaintiff has taken Depositions (see Exhibit C), Plaintiff has issued Deposition Notices for the upcoming weeks and made arrangements to discuss the topics in the 30(b)(6) Corporate Representative Notices with opposing counsel (Exhibit H), Plaintiff worked with Defense to finalize and file the Protective Order, and Plaintiff served a Good Faith letter to Defense requesting Discovery responses (see Exhibit E). Furthermore, Plaintiff has attempted to arrange additional joint inspections of the subject vehicle in June, to which opposing counsel agrees is necessary, but has not yet confirmed with Kia on the June dates (see Exhibit G). Also, even though Kia inspected the subject vehicle in October 2021, Kia has additional expert(s) coming on March 30, 2022 to perform a similar inspection of the subject vehicle that its experts have previously performed (see Exhibit F).

Because Plaintiff and Plaintiff's experts were not provided **any** Discovery documents from Kia Corporation until approximately two weeks ago from today's date, neither Plaintiff nor Plaintiff's experts have had a chance to review the documents and neither will be able to review said information by the April 29, 2022 expert disclosure deadline, much less will the experts be able to provide finalized written reports stating their opinions, the basis and reasons for their opinions, the facts or data considered by them, nor the documents relied upon in forming said opinions. Additionally, due to the joint inspections that both parties are attempting to schedule in June 2022, results of said joint inspections are crucial to determining whether additional Discovery requests and evidence will be necessary, which will likely be part of both parties' experts' disclosures.

Irrespective of Plaintiff's diligence, although great, there is still much Discovery to review and to request, there are likely still Discovery battles to be had, there are still several

Depositions to be taken by both parties, including the Kia 30(b)(6) Corporate Representatives' and our clients' *(unless Defense is waiving their right to depose our clients)*, there are still at least two additional inspections of the subject vehicle and related parts to be performed (which Kia also agrees must happen, although the expert disclosure deadline is currently scheduled for April 29, 2022), and there simply is not enough information on the table right now for the parties to adequately come to any sort of conclusions. Simply put, the tremendous amount of remaining discovery is not reasonably likely to be completed by the current deadlines.

## IV. CONCLUSION

Plaintiff respectfully submits that Plaintiff's and Plaintiff's attorneys' actions herein qualify as "good cause" to modify the current Scheduling Order, as permitted by Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 6(b), this Court's Scheduling Order, Local Rule 6.2, and case law.

WHEREFORE, premises considered, Plaintiff respectfully requests this Court GRANT its Motion for Modified Scheduling Order and Continuance of Trial Setting and extend the remaining dates and deadlines in this matter by at least six (6) months (as the Court's docket allows), and for all other relief the Court deems just and proper.

Dated this 18th day of March, 2022.

Respectfully submitted,

By: /s/ T. Ryan Scott
Sach D. Oliver, AR Bar No.: 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
Samuel W. Mason, AR Bar No. 2019143
BAILEY & OLIVER LAW FIRM
3606 West Southern Hills Blvd.
Rogers, AR 72758
Phone: (479) 202-5200
Fax: (479) 202-5605

soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com
smason@baileyoliverlawfirm.com

and

/s/John F. Romano
John F. Romano, Florida Bar No. 175700
Jessica Latour, Florida Bar No. 109074
ROMANO LAW GROUP
Post Office Box 21349
West Palm Beach, FL   33416-1349
(561) 533-6700 Phone
(561) 533-1285 Fax
john@romanolawgroup.com
jessica@romanolawgroup.com

*Attorneys for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which shall send notification of such filing to all parties.

/s/ T. Ryan Scott
T. Ryan Scott