UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADVOCACY TRUST, LLC, as Special
Administrator and Personal Representative of
the Estate of Thomas Roy Rodabaugh, deceased                     PLAINTIFF

v.                              No. 5:21-CV-05064

KIA CORPORATION, et al.                    DEFENDANTS/THIRD PARTY PLAINTIFFS

v.

JACKSON TEDFORD                                         THIRD PARTY DEFENDANT

## OPINION AND ORDER

Before the Court is Third-Party Defendant Jackson Tedford's motion (Doc. 51) to dismiss the third-party complaint filed by Defendants Kia America, Inc. and Kia Corporation (collectively the "Kia Defendants"). Tedford also filed a brief in support (Doc. 52). The Kia Defendants filed a response in opposition (Doc. 56). For the reasons set forth below, the motion will be GRANTED.

**I.   Background**

On April 26, 2020, Thomas Roy Rodabaugh was driving a Kia Soul on North Walton Boulevard in Bentonville, Arkansas. Tedford, driving a Nissan Xterra, turned onto North Walton Boulevard and collided with Rodabaugh's Kia Soul. Rodabuagh died as a result of the collision. On July 7, 2020, Tedford and Rodabaugh's estate entered into a settlement agreement in the amount of $25,000 for Tedford's release. The release stated that the settlement

> compl[ied] with the provision of the Uniform Contribution Among Joint Tortfeasors Act (Act 315 of 1941) Ark. Code Ann. § 16-61-201, et seq., . . . so as to provide for a reduction, to the extent of the pro rata share of [Tedford], of the injured person's damage recoverable against all other tortfeasors.

(Doc. 51-1).

On October 8, 2020, Plaintiff Advocacy Trust, LLC, as Special Administrator and Personal Representative of Rodabaugh's estate, filed the instant action in the Circuit Court of Benton County, Arkansas, against the Kia Defendants and John Does 1-3. Plaintiff alleges wrongful death and survivor actions against all defendants. On November 24, 2021, the Kia Defendants, with leave of Court, filed a third-party complaint (Doc. 35) against Tedford. The third-party complaint alleges Tedford is a joint tortfeasor and the Kia Defendants have a right to add Tedford as a party because of their right to contribution and allocation of fault.

Tedford filed the instant motion and argues the third-party complaint should be dismissed because the proper procedural avenue is to file a notice of allocation of nonparty fault under Arkansas Rule of Civil Procedure 9(h) and because the Kia Defendants do not have a right to contribution. The Kia Defendants argue they have a substantive right to contribution from a joint tortfeasor and the right of contribution includes an allocation of fault. The Kia Defendants also argue Tedford is a necessary party under Federal Rule of Civil Procedure 19 because without Tedford at trial, Kia's right to allocation of fault cannot be accomplished. As discussed below, the motion will be granted because Tedford is not a Rule 19 necessary party.

**II.   Analysis**

Arkansas law creates a substantive right for "the alloculion of nonparty fault and provides for a right of contribution amount 'joint tortfeasors.'" *Indus. Iron Works, Inc. v. Hodge*, 595 S.W.3d 9, 12 (Ark. App. 2020) (citing Ark. Code Ann. § 16-61-202(a)[1]). Joint tortfeasors are defined as "two (2) or more persons or entities who may have joint liability or several liability in tort for the same injury to person or property, whether or not judgment has been recovered against

---

[1] Tedford cites to Ark. Code Ann. § 16-55-201, however, this statute only "speaks in terms of the allocation of fault amount the 'defendants' to the action" not allocation of non-party fault. *Indus. Iron Works, Inc.*, 595 S.W.3d at 12.

2

all or some of them." Ark. Code Ann. § 16-61-201(1).  The right of contribution "is not limited to money damages but also *includes the right to an allocation of fault* as amount all joint tortfeasors and the rights provided for in § 16-61-204." Ark. Code Ann. § 16-61-202(c) (emphasis added).  The right of contribution also applies to "joint tortfeasors who have entered into a settlement with the [plaintiff]." *Indus. Iron Works, Inc.*, 595 S.W.3d at 12.

It is undisputed that Tedford is a joint tortfeasor as defined in Ark. Code Ann. § 16-61-201(1) and because Tedford is a joint tortfeasor, the Kia Defendants have a statutory right of contribution pursuant to Ark. Code Ann. § 16-61-202, which includes the right to an allocation of fault to joint tortfeasors.  The third-party complaint is limited to contribution in terms of an allocation of fault and Tedford's arguments that the Kia Defendants cannot assert a right of contribution are contrary to Ark. Code Ann. § 16-61-202.

Tedford also argues the proper avenue for the Kia Defendants to allocate fault is through the notice requirement found in Rule 9(h) of the Arkansas Civil Rules of Procedure.  Rule 9(h) states

> (1) In an action for personal injury, medical injury, wrongful death, or property damage, a defending party seeking to allocate fault to a nonparty pursuant to Ark. Code Ann. § 16-61-202(c) or any other statute providing a substantive right to do so shall give notice as provided in paragraph (2) of this subdivision.  *This requirement does not apply with respect to a nonparty who has entered into a settlement agreement with the claimant*.

(emphasis added).  The Court will not determine if Arkansas procedural rules should be applied because even if Rule 9(h) applied, it would have no bearing on this litigation.  Tedford settled with Plaintiff, therefore, Rule 9(h) does not require notice.  *See* Ark. R. Civ. Pro. 9(h)(1).

The Kia Defendants argue the motion should be denied because Tedford is a necessary party pursuant to Federal Rule of Civil Procedure 19.   Rule 19(a) provides a person must be made a party if "in that person's absence the court cannot accord complete relief among existing parties."

3

Specifically, the Kia Defendants argue that without Tedford as a party, a jury cannot allocate fault to him. However, Ark. Code Ann. § 16-61-204(d) provides that the Kia Defendants are "entitled to a determination by the finder of fact of the released joint tortfeasor's pro rata share of responsibility for the injured person's damages." *See* Ark. Code Ann. § 16-61-204(g); *see also* Ark. R. Civ. P. 9(h) note (explaining when a nonparty has settled with plaintiff the defendants are entitled to a determination of the nonparty's fault). Further Arkansas Model Jury Instruction 307 demonstrates a joint tortfeasor does not have be a party to the action:

> (Defendant) claims and has the burden of proving that a [nonparty was] at fault and that his fault was a proximate cause of the plaintiff's injuries. Even though [nonparty is] **not a party to this case**, you are to determine whether (defendant) has met that burden. If you find that (defendant) has met that burden, you are to determine to what extent [nonparty's] fault contributed to (plaintiff's) injuries, expressed as a percentage of 100 percent.

(emphasis added). Because Arkansas law provides the Kia Defendants with a substantive right to allocate fault to a non-party, the Court can accord complete relief among the existing parties such that Tedford is not a required party under Rule 19 and the third-party complaint will be dismissed.

IT IS THEREFORE ORDERED that Third-Party Defendant Jackson Tedford's motion (Doc. 51) to dismiss the third-party complaint is GRANTED and the third-party complaint is DISMISSED WITHOUT PREJUDICE. The Kia Defendants are entitled to apportion fault to Tedford at trial.

IT IS SO ORDERED this 11th day of April, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE