IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased,<br><br>PLAINTIFFS,<br><br>V.<br><br>KIA CORPORTION, KIA AMERICA, INC., And JOHN DOES 1-3,<br><br>DEFENDANTS. | CASE NO.: **5:21-CV-5064**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR EXTENSION OF EXPERT DISCLOSURES DEADLINE OR IN THE ALTERNATIVE, PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' CORPORATE DESIGNEES TO SIT FOR DEPOSITION PRIOR TO AUGUST 26, 2022**

**COMES NOW**, the Plaintiff, ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, deceased, by and through the undersigned counsel, pursuant to Local Rule 7.2(d)(1), Local Rule 6.2, Fed. Rs. Civ. P. 6(b) and 16(b)(4), hereby files its Motion for Extension of Expert Disclosures Deadline or in the alternative, Plaintiff's Motion to Compel Defendants' Corporate Designees to sit for Deposition Prior to August 26, 2022, and states as follows, to-wit:

### I. INTRODUCTION

First, Plaintiff respectfully requests this Court extend the Expert Disclosures deadline to October 31, 2022, and the Rebuttal Expert Disclosure deadline to November 30, 2022. Plaintiff's

1

request for extension is in compliance with this Court's current Scheduling Order (9), Local Rule 7.2(d)(1), Local Rule 6.2, Fed. R. Civ. P. 6(b), and Fed R. Civ. P. 16(b)(4) because none of the dates listed above have yet come and because Plaintiff submits there is good cause to extend these dates. Should this Court deny that motion, Plaintiff respectfully requests this Court order Defendants' Corporate Designees to sit for their depositions prior to the current Expert Disclosure deadline of August 26, 2022, so that Plaintiff has sufficient information to provide to their Experts so they may complete their Expert Disclosures prior to the August 26, 2022, deadline.

## II. LEGAL STANDARD

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). When an act may or must be done within a specified time, the court may, for good cause, extend the time. Fed. R. Civ. P. 6(b). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *United States v. Cameron- Ehlen Grp., Inc.,* No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795, at *1 (D. Minn. Apr. 30, 2019). Although the good cause analysis emphasizes diligence, there is not a clear test for when a party is diligent enough to establish good cause, and the district court retains broad discretion. *Id.,* quoting *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019). Eighth Circuit caselaw reflects the importance of diligence to the good cause analysis, but this case law does not go so far as to state that diligence is required for the district court to find good cause. *Shank v. Carleton Coll.,* 329 F.R.D. 610, 614 (D. Minn. 2019) citing *Harris v. FedEX Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).

In *United States v. Cameron*, the Court found that Plaintiffs demonstrated that good cause existed to extend the scheduling order for the following reasons:

    a. Although not always at the pace the Defendants would like, Plaintiffs actively pursued discovery since the Scheduling Order was issued;

    b. The remaining discovery is not reasonably likely to be completed by the current deadline, irrespective of Plaintiff's diligence.

    c. The Government's attorneys were briefly furloughed;

    d. There were several more depositions to take; and

    e. The Court found that no prejudice to Defendants outweighed the good cause already shown by Plaintiffs, where Defendants' primary concern was that the matter was hanging overhead and threatening business and personal relationships.

*See United States v. Cameron-Ehlen Grp., Inc.,* No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795, at *2 (D. Minn. Apr. 30, 2019).

    The case at bar is similar to the *Cameron* case because here Plaintiff is diligently pursuing Discovery. Plaintiff needs to depose Defendants' corporate designees in order for their Experts to complete the Expert Disclosures timely and the dates provided by the defense do not allow this, and because Plaintiff's good cause outweighs concern(s) Defendants may have, if any.

    Additionally, Federal Rule of Civil Procedure 30(b)(6), governs depositions of corporate and organizational entities. Here, Defendants are both corporate entities, so this rule applies to them. Upon the receipt of a Rule 30(b)(6) notice of examination, a corporation must designate one or more persons to testify on its behalf. Further, F.R.C.P. 26(b) provides that [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

### III. HISTORY AND ARGUMENT

On March 3, 2022, Plaintiff first served Defendants with their 30(b)6 Notices of Depositions, request for dates, and a request to meet and confer regarding same. See Exhibit "A." That same day, Defense Counsel acknowledged receipt of said notices and stated she would be in touch regarding her availability to discuss. See Exhibit "B." On March 11, 2022, Defense Counsel reached out to schedule the meet and confer and it ultimately took place on March 22, 2022. See Exhibit "C."

Subsequently, and pursuant to Defense Counsel's objections discussed during the meet and confer, Plaintiff's Counsel amended their notices and served them with a second request for dates to the defense on March 30, 2022. See Exhibit "D." On March 31, 2022, Defense Counsel confirmed receipt of said notices and stated she would touch base shortly. See Exhibit "E."

On April 11, 2022, Plaintiff's Counsel reached out to Defense Counsel stating they had not yet received dates for the corporate designee depositions. See Exhibit "F." On April 12, 2022, with a looming discovery deadline of June 15, 2022, a sixty-day notice agreement between parties, and no response from Defense Counsel, Plaintiff's Counsel unilaterally set the 30(b)6 depositions for June 13, 2022, and served to Defense Counsel with flexibility that if the date did not work, Plaintiff's Counsel was willing to reschedule. See Exhibit "G."

On April 15, 2022, Defense Counsel phoned Plaintiff's Counsel and acknowledged their understanding as to why Plaintiff unilaterally set the depositions and that they expect to set the 30(b)6 depositions at the end of May/beginning of June 2022.

On April 21, 2022, Defense Counsel served Plaintiff with their objections to Plaintiff's amended notices and referenced the phone discussion of April 15, 2022, again stating that they expect to set the 30(b)6 depositions at the end of May/beginning of June. See Exhibit "H."

On April 25, 2022, pursuant to a recent recall letter received dated March 21, 2022, to Plaintiff, Plaintiff's Counsel's expert performed a fault code check on the subject airbag module confirming the recall fault code was present. As such, the following day on April 26, 2022, Plaintiff's Counsel notified Defense Counsel they would need to depose Defendants' corporate designee regarding this issue as well and would be requesting an extension of the expert disclosure deadline. See Exhibit "I." That same day, Defense Counsel phoned Plaintiff's Counsel and informed them they need to amend their notices to include the recall information as they would not be reproducing a witness if Plaintiff filed a separate notice later.

On April 26, 2022, Plaintiff's Counsel filed their Modified Motion for Extension of Expert Disclosures and Discovery Deadline (See Exhibit "J") in order to have more time to investigate the recall issue and timely file Expert Disclosures. On April 28, 2022, this Court filed their Amended Final Scheduling Order (See Exhibit "K") extending all deadlines which included a new expert disclosure date of August 26, 2022. Given this, Plaintiff set out to retain recall experts and investigate the claim.

On May 24, 2022, Plaintiff's Counsel informed Defense Counsel they were amending the notices to add the appropriate recall topics and inquired if Defendants needed to change the June 13, 2022, 30(b)6 depositions as previously discussed. That same day, Defense Counsel indicated that they did need to be changed but could not provide a new date until she received the amended notice. She also represented that she believed our recall concerns would be better addressed through written discovery (See Exhibit "L"), which Plaintiff's Counsel respectfully disagrees with, especially given there is an agreement that gives Defendants ninety days to respond to written discovery.

On June 7, 2022, Plaintiff's Counsel served their amended notices to not only address the recall topics but in accordance with the Defendants' objections so that the correct topics were with the correct entity, no other changes were made other than slight wording on the pre-existing topics for clarification rather than substantive changes. (See Exhibit "M.")

On June 9, 2022, Defense Counsel confirmed receipt of the deposition notices and again indicated that the depositions needed to be moved but failed to provide dates. She again pushed written discovery and attempted to reason that this was the most efficient form of getting the information needed, however, Plaintiff's position is that deposition of the corporate designee is the most efficient manner, especially given the ninety-day discovery response agreement. (See Exhibit "N.")

On June 10, 2022, Plaintiff's Counsel responded that the only additions were regarding the recall and that the topics switched from one defendant to the other were based on their objections, so they were aware of the topics to designate someone for. (See Exhibit "O.") Later that day, the Friday before the Monday, June 13, 2022, depositions, Defense Counsel called and said would not be producing witnesses on June 13, 2022, because our amended notices stated the new recall topics. Defense counsel could also not provide new dates (for any of the topics) and represented they still did not know who the appropriate corporate designees were.

In an effort to work together, Plaintiff's Counsel agreed to reset the depositions for 60 days (given the notice agreement) and they were reset for August 8, 2022, with an agreement that Defense Counsel would give new dates two weeks prior to August 8, 2022, if they needed to be reset. On June 14, 2022, Plaintiff's Counsel amended their notices to reflect the new August 8, 2022, date for the 30(b)6 depositions and served to the Defense. (See Exhibit "P.")

On June 30, 2022, Defense Counsel sent an email identifying someone to testify as to topics 1-4, 7-8, and 11-12 and that the individual is available for deposition on August 31, 2022. Plaintiff's Counsel was available, so a notice was filed for this date. (See Exhibit "Q").

On July 20, 2022, it came to Plaintiff's Counsel's attention that Defense Counsel provided a date of August 31, 2022, for eight of the topics, which occurs after the Expert Disclosure date of August 26, 2022. Plaintiff's Counsel requested a new date from Defense Counsel for this deposition, however, on July 24, 2022, Defense Counsel represented this was the date they could provide. (See Exhibit "R.")

On July 25, 2022, at approximately 9:00 pm, exactly two weeks before the August 8, 2022, depositions, Defense Counsel served their objections to Plaintiff's most recent depositions notices and also provided that, "The second KA corporate representative is available for deposition on October 4, 2022, subject to KA's objections to the notice of deposition. Please confirm this date works and re-notice the deposition. Witnesses from KC are available on September 26, 27, 29, or 30, again, subject to KC's objections to the notice of deposition." (See Exhibit "S.")

All of the dates provided by the defense for all Corporate Designees are well after the Expert Disclosure Deadline of August 26, 2022. In an effort to cooperate with Defendants and allow their depositions to go forth based on their relayed availability, although they have had since April for the recall topics and March for the remaining topics to designate their witnesses, Plaintiff respectfully requests this Court extend the Expert Disclosure date to October 31, 2022, and the Rebuttal Disclosure date to November 30, 2022. Plaintiff's Counsel has been diligently working with their experts to gather the information needed for them to complete their expert disclosures, however, it is vital Plaintiff has the opportunity to explore the facts and issues of the case with all

corporate designees. Their testimony is relevant, directly proportional to the needs of the case, and necessary for each of Plaintiff's experts to complete their Expert Disclosures.

## IV. CONCLUSION

Plaintiff respectfully submits that Plaintiff and Plaintiff's attorneys' action herein qualifies as "good cause" to extend the current Expert Disclosure deadline to October 31, 2022, and to extend the current Rebuttal Expert Disclosure deadline to November 30, 2022, as permitted by Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 6(b), this Court's Scheduling Order, Local Rule 6.2, and case law. However, should this Court deny the extension of the Expert Disclosure deadlines, Plaintiff respectfully requests this Court order Defendants' Corporate Designees to sit for their depositions prior to the current Expert Disclosure deadline of August 26, 2022, so that Plaintiff has sufficient information to provide to their Experts so they may complete their Expert Disclosures prior to the deadline.

**WHEREFORE**, premises considered, Plaintiff respectfully requests this Court Grant its Motion for Extension of Expert Disclosures Deadline or in the alternative, grant Plaintiff's Motion to Compel Defendants' Corporate Designees to sit for Deposition Prior to August 26, 2022, and for all other relief the Court deems just and proper.

Dated this 28th day of July, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which shall send notification of such filing to all parties.

ROMANO LAW GROUP
1601 Belvedere Rd., Suite 500-S
West Palm Beach, FL, 33406
(561) 533-6700 Work / (561) 533-1285 Fax
Primary Email: rodabaughthomas39947@projects.filevine.com

Attorney's Email: jessica@romanolawgroup.com
Paralegal's Email: carrie@romanolawgroup.com
Paralegal's Email: juan@romanolawgroup.com

By: /s/ Jessica Latour
    JOHN F. ROMANO
    Florida Bar No.: 175700
    JESSICA L. LATOUR
    Florida Bar No.: 109074