## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., And JOHN DOES 1 – 3,<br><br>Defendants. | Case No. 5:21-CV-05064-PKH |

### KIA'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT

Defendants Kia America, Inc. ("KA") and Kia Corporation ("KC") (collectively, "Kia") submit the following Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment on Punitive Damages and Motion for Summary Judgment:

### STATEMENT OF UNCONTROVERTED MATERIAL FACTS

**I.  Accident Facts**

1. The subject accident occurred on April 16, 2020 near the intersection of N. Walton Boulevard and N.W. A Street in Bentonville, Arkansas. *See* Arkansas Motor Vehicle Crash Report, attached as **Exhibit 1**.

2. At the time of the accident, Mr. Thomas Rodabaugh was driving a 2017 Kia Soul (the "Subject Vehicle") northbound on N. Walton Boulevard with his wife, Christine Rodabaugh, in the front passenger seat. **Exhibit 1**, at 11-12.

3.  At the time of the accident, 20-year-old Jackson Tedford was driving a 2003 Nissan Xterra westbound on N.W. A Street in Bentonville, Arkansas. **Exhibit 1**, at 12; *see also* Tedford Dep. 81:4-12, attached as **Exhibit 2**.

4.  Mr. Tedford attempted to make a left-hand turn onto Walton Boulevard and pulled in front of the Subject Vehicle. The Nissan Xterra struck the front of the Subject Vehicle, offset to the passenger side. **Exhibit 1** at 12-13; *See* James Walker Report at 10, attached as **Exhibit 3**.

5.  After the Nissan Xterra struck the Subject Vehicle, the Subject Vehicle's airbags did not deploy. **Exhibit 1**, at 5, 11.

6.  Mr. Rodabaugh was not wearing his seatbelt at the time of the accident. According to the police report, Mr. Rodabaugh's seat belt was "in the retracted position which indicated he did not have his seat belt on at the time of the crash." Bentonville Police Department Accident Summary at 2, attached as **Exhibit 4**; *see also* Kennett Report at 9, attached as **Exhibit 5**.[1]

7.  Mr. Rodabaugh's chest hit the steering wheel upon impact, which caused an aortic dissection. He also sustained injuries to his knees and head. He died as a result of his injuries. Benton County Coroner Report at 3, attached as **Exhibit 6**; Rodowicz Report at 16, attached as **Exhibit 7**.

8.  Mrs. Rodabaugh was wearing her seatbelt at the time of the accident. She suffered non-incapacitating injuries and walked away from the accident. **Exhibit 1**, at 11.

**II.   NHTSA Voluntary Safety Recall – 22V-031**

---

[1] Kia does not cite opposing expert opinions and testimony because it necessarily concurs or agrees with all opinions and testimony cited, and Kia's reference to such opinions or testimony should not be construed as an agreement with those opinions and testimony. Rather, Kia cites opposing expert testimony because the Court's review will be undertaken in the light most favorable to Plaintiff.

9. On January 25, 2022, Kia and the National Highway Traffic and Safety Administration ("NHTSA") issued a voluntary safety recall for select Kia vehicles, including certain 2017-2019 Kia Souls. Part 573 Safety Recall Report, 22V-031, attached as **Exhibit 9**.

10. Kia issued the recall due to variances in the manufacturing of the Supplemental Restraint System Control Module ("SRSCM") (also referred to as the Airbag Control Module ("ACU")). The manufacturing variances may cause contact between the SRSCM cover and the Electrically Erasable Programmable Read-Only Memory ("EEPROM") chip on the SRSCM's Printed Circuit Board ("PCB"). The contact may cause damage to the EEPROM's soldering joints resulting in an open circuit. Safety Recall Campaign, attached as **Exhibit 10**.

11. If this condition occurs, the Airbag Warning Light will illuminate with the diagnostic trouble code ("DTC") B1620 appearing and the airbags may not deploy in an accident where forces may call for airbag deployment. **Exhibit 10**.

12. There are dozens, if not hundreds, of issues that could lead to a B162000 diagnostic trouble code. Yoo Dep. 40:25, 41:1-8, attached as **Exhibit 11**; *see also* Lee Dep. 34:11-15, attached as **Exhibit 12**; Dow Dep. 61:10-23, attached as **Exhibit 13**.

13. On July 27, 2021, KC received a report from the Services Team in the Korean market regarding illumination of the Airbag Warning Light in a 2019 Kia Sedona due to DTC B1620. KC collected the SRSCM from the 2019 Kia Sedona at issue but was unable to duplicate the DTC B1620. KC continued to monitor the issue. Kia Basis of Safety Defect Determination, attached as **Exhibit 14**.

14. On September 8, 2021, KC received a second report from the Service Team in the Korean market regarding illumination of the Airbag Warning Light in a 2019 Kia Sedona due to the DTC B1620. KC collected the ACU from the 2019 Kia Sedona at issue for further investigation

and confirmed the existence of the DTC B1620.  KC began collecting warranty-returned parts for further evaluation.  **Exhibit 14**.

15. Between October 26, 2021 and January 11, 2022, KC investigated additional warranty returned ACUs with the DTC B1620 from the Korean market.  KC confirmed soldering issues at the joints between the EEPROM and the PCB.  KC's investigation determined the DTC B1620 was caused by contact between SRSCM cover and the EEPROM on the PCB resulting in illumination of the airbag warning light.  **Exhibit 14**.

16. On January 12-14, 2022, KC notified KA's North America Safety Office of its investigation results and identifies certain 2017 and 2019 Kia Soul vehicles that may be affected by the issue.  **Exhibit 14**.

17. KA's North American Safety Office decided to conduct a safety recall on January 18, 2022.  **Exhibit 14**.

18. NHTSA did not have any criticisms of Kia's recall process nor did it claim that Kia failed to comply with any federal standards or criteria when issuing the recall.  Cameron Dep. 104:6-21, attached as **Exhibit 15**.

19. The 2017 Kia Soul met and exceeded all federal testing standards, and was awarded 5-star ratings by the New Car Assessment Program (NCAP) and Insurance Institute for Highway Safety (IIHS).  Yoo Dep. 40:3-24, **Exhibit 11**; Caruso Dep. 142:6-17, **Exhibit 17**.

**III.   Plaintiff's Claims**

20. Plaintiff posits that the Subject Vehicle's entire occupant protection system (including seatbelts, crash sensors, airbags, and pretensioners) failed.  Plaintiff's First Amended Complaint, at ¶¶ 3, 44, attached as **Exhibit 8**.

21. Plaintiff claims the Subject Vehicle should have deployed airbags as a result of the accident. Plaintiff alleges the front airbags failed to deploy due to either negligence and/or defective design and manufacturing on Kia's behalf. **Exhibit 8** at ¶¶ 3, 44.

22. Plaintiff disclosed Chris Caruso to testify and opine on the Subject Vehicle's safety systems, including whether the airbags should have deployed during the accident. *See* Caruso Report at 8, attached as **Exhibit 16**; *see also* Caruso Dep. 89:18-22, attached as **Exhibit 17**.

23. Mr. Caruso proposes five alternative design theories, each of which make the vehicle defective. He claims that that any of his five alternative theories would have "provided substantial and necessary supplemental protection for Mr. and Mrs. Rodabaugh." **Exhibit 16** at 24-25.

24. Mr. Caruso cannot state which of his five alternative theories, if any, caused the airbags not to deploy in the Subject Vehicle. Caruso Dep. 197:21-198:1, **Exhibit 17**.

25. Mr. Caruso cannot state whether the recall condition first occurred in the Subject Vehicle before, during, or after the accident. Caruso Dep. 108:18-109:4, **Exhibit 17** ("[T]his could have happened, you know, I say post-collision, the fault code, the condition could have happened during the collision . . . . That's another possibility, that the fault code occurs after the event; meaning, it happened during the event but it wasn't diagnosed until after the event.").

26. Mr. Caruso admitted that he does not know whether the recall condition was the cause of airbag non-deployment. He testified that "we can't conclude based on lack of data – not based on data, based on lack of data that [the recall condition] absolutely was the root cause." Caruso Dep. 190:2-5, **Exhibit 17**.

27. Mr. Caruso cannot state that, but for the existence of any alleged defect, the airbags would have deployed. Caruso Dep. 197:21-198:1, **Exhibit 17**.

Dated: February 21, 2023            Respectfully submitted,

*/s/ Jennifer J. Artman*
Robert T. Adams *(pro hac vice)*
Jennifer J. Artman *(pro hac vice)*
Connor W. Smith *(pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone (816) 474-6550
rtadams@shb.com
jartman@shb.com
cwsmith@shb.com

and

Jamie Huffman Jones (AR Bar No. 2003125)
FRIDAY, ELDREDGE & CLARK, L.L.P.
3350 S. Pinnacle Hills Pkwy., Suite 301
Rogers, Arkansas 72758
Telephone: (479) 695-2117
Facsimile: (501) 537-2922
jjones@fridayfirm.com

***Attorneys for Defendants Kia America, Inc. and Kia Corporation***

## CERTIFICATE OF SERVICE

This will certify that on this February 21, 2023, the above and foregoing was served via e-mail to the following counsel of record:

Peter Wayne, by and through Advocacy Trust, LLC,
Special Administrator and Personal Representative
for the Estate of THOMAS ROY RODABAUGH,
Decedent, and on behalf of the Wrongful Death Beneficiaries,

*Plaintiff*

Sach D. Oliver, AR Bar No. 2006251
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
Samuel W. Mason, AR Bar No. 2019143
Frank H. Bailey, AR Bar No. 74004
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
Telephone: (479) 202-5200
Facsimile: (479) 202-5605
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com
smason@baileyoliverlawfirm.com

and

John F. Romano, Florida Bar No. 175700
Jessica L. Latour, Florida Bar No. 109074
ROMANO LAW GROUP
P. O. Box 21349
West Palm Beach, FL 33416-1349
Telephone: (561) 533-6700
Facsimile: (561) 533-1285
john@romanolawgroup.com
jessica@romanolawgroup.com

*Attorneys for the Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer J. Artman*
　　　　　　　　　　　　　　　　　　　　　　　　Jennifer J. Artman