**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

ADVOCACY TRUST, LLC, as Special )
Administrator and Personal Representative )
of the Estate of )
THOMAS ROY RODABAUGH, Deceased, )
)
               Plaintiffs, )
)    Case No. 5:21-CV-05064-PKH
vs. )
)
KIA MOTORS CORPORATION, )
KIA MOTORS AMERICA, INC., )
And JOHN DOES 1 – 3, )
)
               Defendants. )

## KIA AMERICA, INC. AND KIA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The dispositive question before the Court is whether Plaintiff has presented expert evidence to establish that a defect in the 2017 Kia Soul ***proximately caused*** Mr. Rodabaugh's injuries. Simply put, Plaintiff is required to connect her alleged defect in the subject Kia Soul with airbag non-deployment and Mr. Rodabaugh's injuries. She fails to do so.

Plaintiff spends a significant portion of her Opposition arguing about the existence of an alleged defect, yet she does nothing to rebut her own airbag expert's admission that he does not know whether the recall condition was the ***cause*** of airbag deployment: "[W]e can't conclude based on lack of data – not based on data, based on lack of data that [the recall condition] absolutely was the root cause." SUMF at ¶ 26. In fact, Plaintiff's Opposition admits that her expert, Chris Caruso, cannot definitively state "the defendants' defect" caused the harm at issue because of a "failure to collect information." Opp. at 10. Plaintiff bears the burden to collect information to prove the elements of her claims. She has failed to do so. Accordingly, Kia respectfully requests

that the Court enter an Order granting Kia's Motion for Summary Judgment on each of Plaintiff's claims.

## ARGUMENT

Arkansas product liability law requires Plaintiff to show that both "(1) the product is in a defective condition that rendered it unreasonably dangerous, and (2) the defective condition was a proximate cause of the injury." *Harrell v. Madison County Mississippi Mote Co., Inc.*, 370 F.3d 760, 762 (8th Cir. 2004) (internal quotes omitted). Plaintiff's Opposition focuses on the first element to muddy the waters.

### I.      There is no "agreement" as to alleged defect.

Plaintiff claims that Kia *agrees* the recall condition existed in the subject 2017 Kia Soul. Opp. at 10, 11. This is unequivocally false. Plaintiff has the burden to prove each element of her claims. Evidence of a voluntary recall does not constitute an admission from Kia that the recall condition or any other alleged defect existed in the subject 2017 Kia Soul at the time of the accident. In fact, Plaintiff's own expert, Mr. Caruso, cannot opine as to whether the defect condition existed in the subject vehicle at all, and that if it did, if it was present prior to, during, or after the accident. SUMF at ¶ 25, 26.

Kia does not agree, and has never agreed, that a defect exists in the subject 2017 Kia Soul. Nevertheless, the dispute of whether a defect existed or not is immaterial to Kia's current motion because Kia only moves for summary judgment based on Plaintiff's failure to establish that a defect ***proximately caused*** the harm alleged.

### II.     Plaintiff cannot prove any alleged defect proximately caused Mr. Rodabaugh's injuries.

Arkansas law requires expert testimony to prove a product defect and *how* the alleged defect *caused* the injuries. *Anderson v. Raymond Corp.*, 340 F.3d 520 (8th Cir. 2003) (emphasis

added); *see also Dancy v. Hyster Co.*, 127 F.3d 649 (8th Cir. 1997). Plaintiff's Opposition has not cured her failure to offer expert testimony regarding whether a defect proximately caused Mr. Rodabaugh's injuries. In fact, the Opposition does not address how the alleged defect caused non-deployment of airbags at all. *See* Opp. Plaintiff summarizes her evidence as: (1) there was a recall; (2) Mr. Rodabaugh's vehicle experienced a delta-v allegedly higher than the airbag deployment threshold; and (3) airbags did not deploy. Opp. at 3. Even her own summary highlights that she cannot show the recall ***caused*** the airbag not to deploy. This is unsurprising given the fact that Mr. Caruso "can't conclude based on lack of data – not based on data, based on lack of data that [the recall condition] absolutely was the root cause." SUMF at ¶ 26. He also cannot reliably opine whether the recall condition existed before the accident:

> [T]his could have happened, you know, I say post-collision, the fault code, the condition could have happened during the collision . . . . That's another possibility, that the fault code occurs after the event; meaning, it happened during the event but it wasn't diagnosed until after the event.

SUMF at ¶ 25.

Plaintiff's Opposition further ***admits*** that Mr. Caruso cannot definitively state "the defendants' defect" caused the harm at issue because of a "failure to collect information." Opp. at 10. The absence of information does ***not*** eliminate Plaintiff's burden of proof on causation. Recorded accident data is not the only way to prove that a defect caused the alleged injuries. As a purported expert who has worked in the automotive industry for over 40 years, Mr. Caruso knows this all too well. Accident data recorders are relatively recent developments in the vehicle industry. Prior to the use of these devices, accident reconstruction and airbag experts had to investigate the accident and then use their experience to opine on what happened. Here, Mr. Caruso either failed to do this work or was unable to conclude whether the defect caused Mr. Rodabaugh's injuries. Either way, Plaintiff's claims should be dismissed. *Bank of the Ozarks, Inc. v. Ford Motor Co.*,

3

599 S.W.3d 718, 724 (Ark. App. 2020) ("Causation cannot be based on mere conjecture and speculation.").

Plaintiff also claims expert testimony is not required to prove her claims. Opp. at 7-8. But plaintiff provides no legal support for this claim. She instead tries to distinguish her case from select cases cited in Kia's Motion, arguing that she is the exception to the rule. *Id*. at 8-9. Plaintiff does this by, again, claiming that a defect existed in the vehicle and not evidence showing that a defect *caused* the alleged harm. *Id*. at 8-9. This is not sufficient to overcome Arkansas' expert testimony requirement. *See Kapp v. Bob Sullivan Chevrolet Co.*, 234 Ark. 395, 353 S.W.2d 5 (1962); *Arkansas Kraft v. Cottrell*, 313 Ark. 435, 855 S.W.2d 333 (1993); *Rogers v. Armstrong World Industries, Inc.,* 744 F.Supp. 901 (E.D. Ark. 1990).

Plaintiff acknowledges that expert testimony is required, contradicting her statement in her Opposition. First, she disclosed an expert to try to identify an alleged defect and alternative designs, rather than proceeding on lay witness testimony. Opp. at 8. And, she stated in her Opposition to Kia's Motion to Exclude The Opinions of Plaintiff's Expert Chris Caruso, filed simultaneously, that: "***In this case***, expert testimony is necessary to decipher and explain how the SRSCM system works ***and what are the outcomes should it not work appropriately*** to assist[] the trier of fact, and is necessary to provide the jury with relevant, critical information on a subject far outside the knowledge of a common juror." *See* Pl's Response to Kia's Motion to Exclude Caruso, at 2. Plaintiff cannot have it both ways: expert testimony is required in this case. But because her expert is unable to provide the necessary link between an alleged defect and the airbag non-deployment and injuries sustained in this case, her claims must be dismissed.

The clearest evidence of Plaintiff's inability to establish proximate cause is in her own expert's testimony:

4

**Q: But we can't say that any one of these alternative theories but for its existence would have kept – would have allowed the airbags to deploy?**

A: Based on the data we have, that is a correct statement.

SUMF ¶ 27 (emphasis added). Mr. Caruso admits, in his own words, that he cannot say "but for" a specific defect, the airbags would have deployed and changed the outcome of the accident.

## CONCLUSION

Plaintiff does not have the required expert testimony to prove that an alleged defect in the 2017 Kia Soul proximately caused Mr. Rodabaugh's injuries. Both Plaintiff and her airbag expert admit that they cannot conclude that the recall condition—an alleged defect—caused Mr. Rodabaugh's injuries. Plaintiff's attempt to overcome this argument by identifying an alleged defect, in the form of the recall condition, does not actually establish a connection between the recall condition, airbag non-deployment, and Mr. Rodabaugh's injuries. This failure is dispositive of Plaintiff's claims and Kia respectfully requests the Court enter summary judgment in favor of Kia.

Dated: March 14, 2023                    Respectfully submitted,

*/s/ Jennifer J. Artman*
Robert T. Adams *(pro hac vice)*
Jennifer J. Artman *(pro hac vice)*
Connor W. Smith *(pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone (816) 474-6550
rtadams@shb.com
jartman@shb.com
cwsmith@shb.com

and

Jamie Huffman Jones (AR Bar No. 2003125)
FRIDAY, ELDREDGE & CLARK, L.L.P.

3350 S. Pinnacle Hills Pkwy., Suite 301
Rogers, Arkansas 72758
Telephone: (479) 695-2117
Facsimile:  (501) 537-2922
jjones@fridayfirm.com

**Attorneys for Defendants Kia America, Inc.
and Kia Corporation**

## <u>CERTIFICATE OF SERVICE</u>

This will certify that on this March 14, 2023, the above and foregoing was served via e-mail to the following counsel of record:

Peter Wayne, by and through Advocacy Trust, LLC,
Special Administrator and Personal Representative
for the Estate of THOMAS ROY RODABAUGH,
Decedent, and on behalf of the Wrongful Death Beneficiaries,

*Plaintiff*

Sach D. Oliver, AR Bar No. 2006251
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
Samuel W. Mason, AR Bar No. 2019143
Frank H. Bailey, AR Bar No. 74004
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
Telephone: (479) 202-5200
Facsimile:  (479) 202-5605
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com
smason@baileyoliverlawfirm.com

and

John F. Romano, Florida Bar No. 175700
Jessica L. Latour, Florida Bar No. 109074
ROMANO LAW GROUP
P. O. Box 21349
West Palm Beach, FL 33416-1349
Telephone: (561) 533-6700
Facsimile:  (561) 533-1285
john@romanolawgroup.com
jessica@romanolawgroup.com

*Attorneys for the Plaintiff*

*/s/ Jennifer J. Artman*
Jennifer J. Artman