IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., And JOHN DOES 1 – 3,<br><br>Defendants. | Case No. 5:21-CV-05064-PKH |

**KIA AMERICA, INC. AND KIA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

Plaintiff is not entitled to punitive damages in this case. First, Plaintiff cannot prove that (1) Kia knew or should have known that its conduct would naturally and probably cause injury to Plaintiff; and (2) that Kia continued such conduct with malice or in reckless disregard of the consequences. In fact, Plaintiff does not even address the second element required for punitive damages in Arkansas: conduct involving malice or in reckless disregard of the consequences. The word "malice" does not even appear in Plaintiff's Opposition, and "reckless disregard" only appears in a footnote. Opp. at 5, n. 13. By wholly failing to address an element required for punitive damages, Plaintiff concedes she cannot prove that Kia acted with malice or in reckless disregard of the consequences in this case.

Second, even in her Opposition, Plaintiff cannot show that Kia consciously disregarded known risks of airbag non-deployment after learning of the recall condition. Plaintiff plainly misstates Kia's knowledge in the recall condition timeline. Plaintiff states that Kia "knew or had

reason to know that Kia's defect existed in the subject 2017 Kia" and Kia should have issued a recall before the subject 2020 accident. Opp. at 6. However, this Court has heard from various experts *on both sides* that Kia did not know the subject diagnostic trouble code could result in airbag non-deployment until well after the subject accident. Moreover, the subject diagnostic trouble code can have dozens or even hundreds of causes—and Plaintiff does not dispute this fact. Pl's Response to Kia's SUMF at ¶ 12. Kia acted quickly once it gained any knowledge of a potential issue. Upon learning of a variance in the manufacture of certain SRSCM that could result in this non-specific diagnostic trouble code in January 2022, Kia immediately investigated and issued a voluntary safety recall. Kia simply did not have the knowledge required for Plaintiff to establish the first element of her claim for punitive damages.

## ARGUMENT

### I. Plaintiff Concedes that She Cannot Prove Kia Acted with Malice or in Reckless Disregard of the Consequences.

To recover punitive damages in Arkansas, a plaintiff must prove by clear and convincing evidence that a "defendant is liable for compensatory damages" and:

(1) the defendant "knew or ought to have known" that "his or her conduct would naturally and probably result in injury" to the plaintiff; and

(2) that "he or she continued the conduct with malice or in reckless disregard of the consequences" of such conduct.

Ark. Code Ann. § 16-55-206(1). "Arkansas courts have consistently held this heightened standard is required for punitive damages to be awarded." *Driver v. D. Mosley Trucking, Inc.*, No. 4:13-cv-4074, 2015 WL 1861808, at *3 (W.D. Ark. Apr. 23, 2015) (citing cases).

Plaintiff has not and cannot support her punitive damages claims with evidence to satisfy the heightened standard. Plaintiff's silence on the matter in her Opposition speaks volumes—not only does Plaintiff lack the evidence to satisfy the punitive damages standard, but she wholly fails

to address a vital element. In her Opposition, Plaintiff does not even mention a word about Kia's purported "malice or reckless disregard of the consequences." *See* Opp. Plaintiff's punitive damages claims are therefore factually and legally unsupported. In the interests of judicial economy, this Court need not continue, as Plaintiff neglected to present a shred of evidence on the entire second element of its punitive damages claim, and thus Kia is entitled to summary judgment as a matter of law.

## II. Kia Had No Knowledge at the Time of the Subject Accident that the B1620 Diagnostic Trouble Code Would Result in Airbag Non-Deployment

Plaintiff cannot establish the first element required for punitive damages, either—that Kia knew or should have known that its conduct would naturally and probably result in injury to Plaintiff. In her Opposition, Plaintiff attempts to show this through Chris Caruso's testimony, "the B16200[0] code was first diagnosed in a 2017 Kia Soul as early a[s] May 2017, nearly 3 years prior to the subject accident[,]" insinuating that Kia knew of the defect at that time. *See* Opp. at 6.

However, this could not be further from the truth, and Kia has been explicit and transparent about what information Kia knew and when. First, there is no evidence that the B162000 code identified in a 2017 Kia Soul in May 2017 was due to the recall condition. There are dozens, and perhaps hundreds, of root causes for a B162000 diagnostic trouble code. SUMF at ¶ 12. Kia documentation, as well as testimony of Kia Corporation ("KC") engineers, confirms the potential number of causes for a B1620. *Id.* That is, no one can state exactly what caused a B1620 trouble code to appear in a 2017 Kia Soul in May 2017.

Plaintiff recognizes this stretch, as Plaintiff does ***not*** dispute this fact and it is now deemed admitted. L.R. 56.1(c); *see* Pl's Response to Kia's SUMF at ¶ 12 ("Admitted in part. Although t***here are many issues that could lead to a B162000 DTC***, it is highly probable that the subject

3

ACU meets the conditions for this subject recall.") (emphasis added). Specifically, Plaintiff only disputes whether the *subject* Kia Soul contained the recall condition—Plaintiff does not dispute that there are potentially hundreds of causes for a B1620 DTC. The fact that a vehicle in May 2017 exhibited the same DTC cannot be evidence that the recall condition was present in that vehicle, much less impart knowledge to Kia of a potential defect.

Plaintiff conflates the timing of the recall with the timing of this accident, too. There is no evidence that Kia had knowledge or should have had any knowledge of any variance in the manufacture of a vehicle's SRSCM at the time of the subject accident in April 2020. KC investigated reports from the service department in Korea indicating two vehicles had an illuminated Airbag Warning Light due to the DTC B1620 in the summer of 2021, fifteen months *after* the subject accident. SUMF at ¶ 13. KC's investigation included reviewing warranty-returned SRSCMs from other vehicles to identify the root cause for the DTC. *Id*. at ¶ 14. KC then reported its findings to KA's North American Safety Office, who opened its investigation into the 2017-2019 Kia vehicles that may have been affected by this condition. *Id*. at ¶ 16. Less than two weeks later, in January 2022, Kia issued a voluntary safety recall. *Id*. at ¶ 9. Ultimately, even though a recall did occur, there is no evidence showing Kia consciously disregarded the risk that a variance in the manufacture of an SRSCM would occur. It would be impossible for Kia to knowingly engage in conduct that would result in an alleged defect before it even knew an alleged defect existed.

In her Opposition, Plaintiff states: "Mr. Dow testified that there were consumer complaints Kia was aware of related to the same diagnostic trouble code (B16200) [sic] prior to January 12, 2022 [sic] when the subject recall was issued."[1] Opp. at 6. These statements regarding Kia's

---

[1] The diagnostic trouble code is properly referenced as B1620 or B162000, but not B16200. Additionally, the recall was issued on January 25, 2022, not January 12, 2022.

4

knowledge are red herrings, simply designed to distract from Plaintiff's lack of evidence on this issue. First, the "customer complaints" are undefined and not connected to the alleged recall condition. Second, Plaintiff continues to ignore the timing of when Kia gained any knowledge. *See* SUMF at ¶ 13. It was not until *fifteen months after the accident* that KC investigated the report of a vehicle with the diagnostic trouble code ("DTC") B1620, and then later provided that information to Kia's North American Safety Office. *Id.* at ¶¶ 13-14. Thus, Plaintiff's punitive damages claim must fail because it is unsupported by any evidence of malice, by inference of otherwise, and Kia is entitled to judgment as a matter of law on that claim.

### III. Dismissal of Punitive Damages Claims at the Summary Judgment Stage is Entirely Proper.

In her Opposition, Plaintiff argues, "it would still be inappropriate" to dismiss Plaintiff's claim for punitive damages at the summary judgment stage, because "the court believes it is seldom appropriate to grant summary judgment on the issue." Opp. at 5 (citing *Carvin v. Ark. Power & Light Co.*, 1991 WL 540481, at *6 (W.D. Ark. Dec. 2, 1991). Here, Plaintiff improperly relies on thirty-year-old case law. To the contrary, more recent case law indicates that dismissing punitive damages claims at the summary judgment stage is *not* disfavored, and in fact, entirely proper. *Perry v. Stevens Transport, Inc.*, 2012 WL 2805026, at * 2 (E.D. Ark. July 9, 2012) (granting Defendant's motion for summary judgment on punitive damages, the court states: "[w]hile it is appropriate in some cases to reserve judgment on punitive damages until the close of trial, it is not invariably so… In the context of vehicle accident cases, the Arkansas Supreme Court historically 'has been very cautious, perhaps overly so, about affirming punitive damages…'"). The *Perry* court simplified the question, and focused on the "substantive evidentiary burden." *Id*. at *4. "*Unless* a reasonable jury could conclude by clear and convincing evidence that [defendants] knew or ought to have known that their conduct would naturally and probably result in injury or damage,

5

and that they continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred, *summary judgment is proper*." *Id.*

Simply put, summary judgment is proper here. Plaintiff has failed to set forth clear and convincing evidence that Kia knew or should have known that its conduct would naturally and probably cause injury to Plaintiff and that Kia continued such conduct with malice or in reckless disregard of the consequences. Accordingly, based on Plaintiff's failure to even *mention* "malice or reckless disregard of the consequences" in her Opposition, it is clear that she cannot show by clear and convincing evidence that Kia acted with malice or in reckless disregard of the consequences. Plaintiff concedes she cannot prove that Kia possessed the requisite knowledge to entitle her to punitive damages in this case.

Dated: March 14, 2023

Respectfully submitted,

*/s/ Jennifer J. Artman*
Robert T. Adams *(pro hac vice)*
Jennifer J. Artman *(pro hac vice)*
Connor W. Smith *(pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone (816) 474-6550
rtadams@shb.com
jartman@shb.com
cwsmith@shb.com

and

Jamie Huffman Jones (AR Bar No. 2003125)
FRIDAY, ELDREDGE & CLARK, L.L.P.
3350 S. Pinnacle Hills Pkwy., Suite 301
Rogers, Arkansas 72758
Telephone: (479) 695-2117
Facsimile: (501) 537-2922
jjones@fridayfirm.com

***Attorneys for Defendants Kia America, Inc. and Kia Corporation***

6

**CERTIFICATE OF SERVICE**

   This will certify that on this March 14, 2023, the above and foregoing was served via e-mail to the following counsel of record:

Peter Wayne, by and through Advocacy Trust, LLC,
Special Administrator and Personal Representative
for the Estate of THOMAS ROY RODABAUGH,
Decedent, and on behalf of the Wrongful Death Beneficiaries,

*Plaintiff*

Sach D. Oliver, AR Bar No. 2006251
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
Samuel W. Mason, AR Bar No. 2019143
Frank H. Bailey, AR Bar No. 74004
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
Telephone: (479) 202-5200
Facsimile: (479) 202-5605
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com
smason@baileyoliverlawfirm.com

and

John F. Romano, Florida Bar No. 175700
Jessica L. Latour, Florida Bar No. 109074
ROMANO LAW GROUP
P. O. Box 21349
West Palm Beach, FL 33416-1349
Telephone: (561) 533-6700
Facsimile: (561) 533-1285
john@romanolawgroup.com
jessica@romanolawgroup.com

*Attorneys for the Plaintiff*

                */s/ Jennifer J. Artman*
                Jennifer J. Artman