IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., And JOHN DOES 1 – 3,<br><br>Defendants. | Case No. 5:21-CV-05064-PKH |

**DEFENDANT KIA AMERICA, INC. AND KIA CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendants Kia America, Inc. and Kia Corporation (together "Kia"), for its response to Plaintiff's Statement of Additional Uncontroverted Material Facts ("PSOF") in Opposition to Kia's Motion for Summary Judgment states as follows, starting at Plaintiff's No. 29:

29. No EDR data was recorded related to the subject crash. Exhibit 7 at p. 8.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motion for Summary Judgment or Motion for Partial Summary Judgment (hereinafter "Kia's Motions"). "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc*.**, 477 U.S. 242, 250 (1986)). Plaintiff's airbag expert Chris Caruso likewise opined that the failure to write data in the EDR is not a defect. Caruso Dep. 116:13-18. ("For these three reasons, none of those would mean the failure to record data is a defect. That's a natural outcome on most competitive systems as well."). Therefore, this "fact" should be**

**disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF # 29. When viewing the different EDRs downloaded from the subject vehicle, it is clear that additional information was obtained by Plaintiff's initial download, performed in July 2020 by Richard Sherman. Kia has reserved the right to raise issues of spoliation related to Mr. Sherman's download and related destruction of the subject vehicle.**

30. The frontal impact damage was above the airbag deployment threshold level for belted and unbelted occupants and should have deployed the seat belt pretensioners in addition to at least Stage 1 of the Dual-Stage frontal impact airbags. Exhibit 7 at p. 8.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Further answering, "frontal impact damage" is not the basis by which determination of deployment of airbags is measured, but instead is a combination of accident forces and crash pulse. Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #30 because neither of Plaintiff's experts, Kelly Kennett nor Chris Caruso, performed the required analysis to show a frontal delta-V required to identify whether airbags should have deployed in the subject accident. Plaintiff cites Mr. Caruso's Report for this incorrect statement, yet Mr. Caruso is not Plaintiff's accident reconstruction expert.**

2

31. Had the frontal impact airbags and seatbelt pretensioners provided necessary restraint, Mr. and Mrs. Rodabaugh would have been properly protected and their injuries would have been reduced or mitigated during the crash. Exhibit 7 at p. 9 & 11.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Further answering, Mrs. Rodabaugh's injuries are not at issue in this lawsuit. Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #31 because Kia's expert, Dr. Kathleen Rodowicz, opined that despite frontal impact airbag deployment, Mr. Rodabaugh's injuries would have been the same, due to his seat belt misuse. Rodowicz Report at 21.**

32. The failure to deploy the frontal impact airbags and seatbelt pretensioners resulted in the 2017 Kia Soul being defective. Exhibit 7 at p. 11.

**Response**: **Objection. Kia disputes PSOF #32 as it is a legal conclusion, not an assertion of fact for purposes of Rule 56. "A response to a motion for summary judgment that merely states conclusions is not sufficient… The response and supporting materials must set forth specific facts showing that there is a genuine issue for trial."** *Sellers as Trustee of R&LD Trust II v. Felton*, **626 S.W.3d 121, 126 (Ark. App. 2021) (citations omitted). Further responding, this statement is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S.**

242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court and stricken. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #32.

33. The failure to deploy the frontal impact airbags and seatbelt pretensioners resulted in the 2017 Kia Soul being unsafe and unreasonably dangerous to the occupants. Exhibit 7 at p.11.

**Response**: **Objection. Kia disputes PSOF #33 as it is a legal conclusion, not an assertion of fact for purposes of Rule 56. "A response to a motion for summary judgment that merely states conclusions is not sufficient… The response and supporting materials must set forth specific facts showing that there is a genuine issue for trial."** *Sellers as Trustee of R&LD Trust II v. Felton*, **626 S.W.3d 121, 126 (Ark. App. 2021) (citations omitted). Further responding, this statement is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court and stricken. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #33.**

34. If the Front Impact Sensor (FIS) is damaged before the FIS can send the appropriate severity information to the SRSCM, then the SRSCM may be unable to respond appropriately to the developing crash, thereby potentially resulting in a failure to deploy airbags. Exhibit 7 at pp. 12-15.

**Response**: **Kia admits that Chris Caruso opines that, in a hypothetical situation, if the FIS is damaged before it can send the appropriate information to the SRSCM, then the SRSCM may be unable to respond appropriately to the crash, thereby potentially resulting in airbag non-deployment, as stated in PSOF #34. However, Kia disputes PSOF #34 for the proposition that this situation occurred in this accident. Further answering, Kia notes that**

4

**even Mr. Caruso cannot opine that the FIS were damaged before they could send appropriate information to the SRSCM.**

35. The delta-V calculated in this case by Kelly Kennett is 16.5 and 17.3 mph. Exhibit 1 at p. 129:6-19.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motion for Summary Judgment on Proximate Cause or Punitive Damages. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #35 because Mr. Kennett did not calculate a PDOF, nor did he calculate a frontal delta-V, which is required to properly assess airbag deployment.**

36. The total delta-V calculated in this case by Kia's expert James Walker is 18 mph and the frontal delta-V is 16 mph. Exhibit 11, Kia's Expert Walker Report at pp. 1-2.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits PSOF #36.**

37. The MUST FIRE threshold delta-V for the subject Kia vehicle is 13.6-13.7 mph for frontal impact Stage 1 airbags and seatbelt pretensioners. Exhibit 7 at p. 16; Exhibit 12, Kennett Expert Report at p. 8; and Exhibit 13 Haeng Yoo Deposition at p. 23:2-25:12.

5

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case." *Neal v. Brooks*, 2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits the airbag deployment thresholds are provided in Kia documentation.**

38. The range of 16 mph to 17.3 mph delta-V that Kelly Kennett and James Walker calculated are above the MUST FIRE threshold of 13.6-13.7 delta-V equipped for the subject Kia vehicle. Exhibit 7 at p. 16.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case." *Neal v. Brooks*, 2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #38 as Mr. Kennett's delta-V calculation is inapplicable here, because it is not a *frontal* delta-V.**

39. The November 25, 2022 inspection of the subject ACU resulted in the following conclusions: a. Failed to read the ACU's basic information from the EEPROM; b. B1620 Fault code occurred, and ignition cycle was initialized; c. The EEPROM terminal was slightly pushed to the right from the PCM Solder PAD; and d. It is highly probable that the ACU meets the conditions set forth in the 22V-031, resulting in the airbag not being deployed in the event of a crash. Exhibit 9.

**Response: Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits PSOF #39.**

40.     Disabling the SRS system (airbags and pretensioners) due to an internal fault will leave the occupants in a situation of unnecessary heightened risk. Exhibit 7 at p. 24.

**Response: Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #40 as a misstatement of facts in this case. There is no evidence of a "disabl[ed] SRS system" in this case.**

41.     The B16200 DTC was first diagnosed in a 2017 Kia Soul (PS) in May 2017. Exhibit 7 at p. 24; and Exhibit 14, Caruso Deposition at pp. 188:20-189:4.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits that a B162000 diagnostic trouble code ("DTC")**

was *identified* in a 2017 Kia Soul in May 2017, but there is no way to identify why the DTC occurred or what caused it.

42. Kia has over 45 other records of the B16200 DTC appearing in the 2017 Kia Soul (PS) spanning from the first DTC case up until the recall was issued. Exhibit 7 at p. 24.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case." *Neal v. Brooks*, 2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits.**

43. There were at least five alternative designs, as specifically listed by Mr. Caruso, that were technologically and economically feasible in the 2017 Model Year that Kia could have employed in its 2017 Kia Soul which would have deployed the frontal impact dual stage airbags and seat belt pretensioners in the subject collision. Exhibit 7 at p. 24-25.

**Response**: **Kia admits that Chris Caruso opines that there are five alternative designs that were technologically and economically feasible in the 2017 Kia Soul, but he cannot say which one (if any) would have changed the airbag deployment or the outcome of this accident.**

44. Unbelted occupants are still offered substantial occupant protection by airbags. Exhibit 12 at p. 9.

**Response**: **Objection. This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case." *Neal v. Brooks*, 2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court,**

8

stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #44, as it does not take into account Mr. Rodabaugh's specific health information and the specific aortic injury he sustained in the accident. Kia's expert, Dr. Kathleen Rodowicz, opined that despite frontal impact airbag deployment, Mr. Rodabaugh's injuries would have been the same, due to his seat belt misuse. Rodowicz Report at 21.

45. Had the steering wheel airbag deployed, Mr. Rodabaugh would have enjoyed the traditional load distribution, ride-down, and acceleration attenuating benefits of the airbag. Exhibit 1 at pp. 170:5-171:23; and Exhibit 12 at pp. 9-10.

**Response**: **Objection**. **This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia disputes PSOF #45, as it does not take into account Mr. Rodabaugh's specific health information and the specific aortic injury he sustained in the accident. Kia's expert, Dr. Kathleen Rodowicz, opined that despite frontal impact airbag deployment, Mr. Rodabaugh's injuries would have been the same, due to his seat belt misuse. Rodowicz Report at 21.**

46. Mrs. Rodabaugh does not recall seeing a warning light on the dashboard of the subject 2017 Kia Soul vehicle. Exhibit 2 at pp. 179:17-180:13.

**Response**: **Kia admits, but notes that Mrs. Rodabaugh testified she had not driven the vehicle for at least six weeks prior to the subject accident.**

9

47. None of the subject Kia's airbags were deployed in the subject crash. Exhibit 11 at p. 6.

**Response**:  **Kia admits**.

48. The consequence of the subject B16200 recall in the subject Kia Soul is that airbags that do not deploy as intended can increase the risk of injury in a crash. Exhibit 6; and Exhibit 10 at p. 16.

**Response**: **Objection**. **This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits that if the subject recall condition (Kia Recall No. SC226, NHTSA Recall No. 22V-03) was present in the vehicle, the airbags may not deploy in an accident where forces would require deployment. Kia disputes the language used in PSOF #48, as there is no such thing as a "B16200 recall."**

49. The subject airbag system was designed to still deploy if the parameters have met even though a driver is not wearing their seatbelts. Exhibit 13 at p. 25:7-20.

**Response**: **Objection**. **This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits.**

50. The threshold for airbag deployment for belted and unbelted are the same. Exhibit 13 at p. 25:7-20.

**Response**: **Objection**. **This alleged fact is not "material" to the issues raised in Kia's Motions. "A fact is material only when its resolution affects the outcome of the case."** *Neal v. Brooks*, **2021 WL 1033214, at \*4 (W.D. Ark. March 17, 2021) (citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)). Therefore, this "fact" should be disregarded by the Court, stricken, and no response is required from Kia. To the extent Kia is required to dispute or admit this non-material fact, Kia admits.**

Dated: March 14, 2023

Respectfully submitted,

*/s/ Jennifer J. Artman*
Robert T. Adams *(pro hac vice)*
Jennifer J. Artman *(pro hac vice)*
Connor W. Smith *(pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone (816) 474-6550
rtadams@shb.com
jartman@shb.com
cwsmith@shb.com

and

Jamie Huffman Jones (AR Bar No. 2003125)
FRIDAY, ELDREDGE & CLARK, L.L.P.
3350 S. Pinnacle Hills Pkwy., Suite 301
Rogers, Arkansas 72758
Telephone: (479) 695-2117
Facsimile: (501) 537-2922
jjones@fridayfirm.com

*Attorneys for Defendants Kia America, Inc. and Kia Corporation*

11

# CERTIFICATE OF SERVICE

      This will certify that on this March 14, 2023, the above and foregoing was served via e-mail to the following counsel of record:

Peter Wayne, by and through Advocacy Trust, LLC,
Special Administrator and Personal Representative
for the Estate of THOMAS ROY RODABAUGH,
Decedent, and on behalf of the Wrongful Death Beneficiaries,

*Plaintiff*

Sach D. Oliver, AR Bar No. 2006251
T. Ryan Scott, AR Bar No. 2008161
Geoff Hamby, AR Bar No. 2015171
Samuel W. Mason, AR Bar No. 2019143
Frank H. Bailey, AR Bar No. 74004
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
Telephone: (479) 202-5200
Facsimile:  (479) 202-5605
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com
smason@baileyoliverlawfirm.com

and

John F. Romano, Florida Bar No. 175700
Jessica L. Latour, Florida Bar No. 109074
ROMANO LAW GROUP
P. O. Box 21349
West Palm Beach, FL 33416-1349
Telephone: (561) 533-6700
Facsimile:  (561) 533-1285
john@romanolawgroup.com
jessica@romanolawgroup.com

*Attorneys for the Plaintiff*

                                            */s/ Jennifer J. Artman*
                                            Jennifer J. Artman