# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as Special Administrator and Personal Representative of the Estate of THOMAS ROY RODABAUGH, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> KIA MOTORS CORPORATION, KIA MOTORS AMERICA, INC., And JOHN DOES 1 – 3, <br><br> Defendants. | Case No. 5:21-CV-05064-PKH |

## DEFENDANT KIA AMERICA, INC. AND KIA CORPORATION'S OBJECTIONS TO DEPOSITIONS OR VIDEOS USED AT TRIAL

Defendant Kia America, Inc. and Kia Corporation (together "Kia") hereby provide the following objections to Plaintiff's designations and counter designations for the depositions of Alan Dow, Michele Cameron, Jae Haeng Yoo, Kyo Il Lee, Andrea Henson, Becky Jaworski, Dr. Joel Jones, Corporal Kerry Pippin, and Aaron Riley.

## DEPOSITION OF ALAN DOW (Ex. 1)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 22:25-23:5; 23:22-24:4 | Irrelevant; Mr. Dow's report back to counsel is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 24:20-25:23 | Irrelevant; the recall is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Reference to DTC B1620 is unduly prejudicial, |

1

| | |
|---|---|
| | confusing and misleading. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 26:16-22 | Irrelevant; the recall is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 29:9-12 | Irrelevant; the recall is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial, and vague and ambiguous. Fed. R. Evid. 403. Lacks completeness. Fed. R. Evid. 106. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 30:1-7 | Irrelevant; the recall is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Lacks completeness. Fed. R. Evid. 106. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 33:8-15 | Irrelevant; whether Kia's counsel is conducting an investigation into the reason the airbag did not deploy is not relevant to any fact at issue. Fed. R. Evid. 401, 402. Attorney-client privilege. Lacks completeness. Fed. R. Evid. 106. |
| 53:4-16. | Reference to diagnostic trouble code B162000 is unduly prejudicial, confusing and misleading. Fed. R. Evid. 403. |
| 56:8-11 | Vague and ambiguous. Fed. R. Evid. 403. Lacks completeness. Fed. R. Evid. 106. |

## DEPOSITION OF MICHELE CAMERON (Ex. 2)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 33:2-13 | Irrelevant; Customer complaints have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). Vague and ambiguous. Fed. R. Evid. 403. Lack of completeness. Fed. R. Evid. 106. Hearsay. Fed. R. Evid. 802. |
| 34:4-9. | Irrelevant; Customer complaints have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). |

| | |
|---|---|
| 42:1-9. | Irrelevant; Customer complaints have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). |
| 43:21-24 | Irrelevant; Customer complaints have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). |
| 45:13-46:8 | Irrelevant; Customer complaints have not been shown to be substantially similar. Fed. R. Evid. 401; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). Vague and ambiguous. Fed. R. Evid. 403. Lack of completeness. Fed. R. Evid. 106. Hearsay. Fed. R. Evid. 802. |
| 65:9-66:14 | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 67:4-10. | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 68:23-25; 69:5-13; 70:4-11. | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 71:24-72:6 | Reference to DTC B1620 is unduly prejudicial, confusing and misleading. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 74:3-6. | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Evidence of the recall is inadmissible as a Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 74:14-25. | Irrelevant; warranty claims have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993) Unduly prejudicial. Fed. R. Evid. 403. Hearsay. Fed. R. Evid. 802. |

| | |
|---|---|
| 75:7-11; 75:17-22. | Irrelevant; warranty claims have not been shown to be substantially similar. Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993). Reference to DTC B1620 is unduly prejudicial, confusing and misleading. Fed. R. Evid. 403. Hearsay. Fed. R. Evid. 802. Lack of completeness. Fed. R. Evid. 106. |
| 80:12-15 | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial. Fed. R. Evid. 403. Hearsay. Fed. R. Evid. 802. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 86:21-87:4 | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Unduly prejudicial, and vague and ambiguous. Fed. R. Evid. 403. Lack of completeness. Fed. R. Evid. 106. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 88:20-89:2. | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 105:23-106:20 | Irrelevant; neither the recall nor any decision making related to the recall is relevant to any fact at issue. Fed. R. Evid. 401, 402. Reference to DTC B1620 unduly prejudicial, misleading, confusing, and vague and ambiguous. Fed. R. Evid. 403. Lack of completeness. Fed. R. Evid. 106. Hearsay. Fed. R. Evid. 802. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |

## **DEPOSITION OF JAE HAENG YOO (Ex. 3)**

### **OBJECTIONS**

| PAGE/LINE | OBJECTION |
|---|---|
| 25:7-20 | Vague and ambiguous. Fed. R. Evid. 403. |

## DEPOSITION OF KYO IL LEE (Ex. 4)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 14:13-24 | Irrelevant; the recall is not relevant to any fact at issue. Fed. R. Evid. 401, 402.  Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. Unduly Prejudicial. Fed. R. Evid. 403. |
| 22:13-24:1 | Irrelevant; neither the recall nor any decision making or investigation related to the recall is relevant to any fact at issue. Fed. R. Evid. 403. Lack of completeness. Fed. Evid. R. 106. Vague and ambiguous.  Fed. Evid. R. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |
| 33:4-7 | Irrelevant; warranty claims have not been shown to be substantially similar.  Fed. R. Evid. 401, 402; *Drabik v. Stanley-Bostitch, Inc*., 997 F.2d 496, 508 (8th Cir. 1993). Confusing, misleading, and vague and ambiguous.  Fed. Evid. R. 403. Evidence of the recall is inadmissible as a Subsequent Remedial Measure. Fed. R. Evid. 407. |

## DEPOSITION OF ANDREA HENSON (Ex. 5)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 57:7-10 | Hearsay; Ms. Henson is repeating what was told to her by someone not under oath. Fed. R. Evid. 802. |

## DEPOSITION OF BECKY JAWORSKI (Ex. 6)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 19:24-20:4 | Lack of Completeness. Fed. R. Evid. 106. Confusing and misleading. Fed. R. Evid. 403. |

## DEPOSITION OF GARY JAWORSKI (Ex. 7)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 34:20-25 | Irrelevant; whether Mr. Jaworski hopes that any vehicle is safe is not relevant to any fact at issue in this case. Fed. R. Evid. 401, 402.  Improper hypothetical, argumentative, and unduly prejudicial. Fed. R. Evid. 403. |

## DEPOSITION OF JACKSON TEDFORD (Ex. 8)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 86:13-25 | Irrelevant; Jackson Tedford's reaction to his airbag deployment is not relevant to any fact at issue.  Fed. R. Evid. 401, 402. |
| 89:13-16 | This testimony is unduly prejudicial, confusing, and misleading. Fed. R. Evid. 403.  This self-serving testimony contradicts all physical and eyewitness evidence (*see generally* Exhibits 5, 6, 7, 10, and 11). This testimony is also speculative; Mr. Tedford has no way of knowing what Mr. Rodabaugh was thinking following the accident. |
| 141:4-16 | Hearsay; Mr. Tedford is repeating a statement of an individual who was not under oath. Fed. R. Evid. 802. |
| 154:15-22 | Irrelevant.  Fed. R. Evid. 401, 402.  Lack of Foundation. Fed. R. Evid. 602. |
| 155:21-156:1;4 | Irrelevant.  Fed. R. Evid. 401, 402.  Improper hypothetical.  Unduly prejudicial, confusing and misleading.  Fed. R. Evid. 403.  Calls for Improper Expert Opinion.  Fed. R. Evid. 701, 702. Lack of Foundation. Fed. R. Evid. 602. |

## DEPOSITION OF DR. JOEL JONES (Ex. 9)

### OBJECTIONS

| PAGE/LINE | OBJECTION |
|---|---|
| 35:1-23 | Lack of Completeness. Fed. R. Evid. 106. |
| 36:18-37:17 | Lack of Completeness. Fed. R. Evid. 106. |

6

| | |
|---|---|
| 43:14-17 | Lack of Foundation. Fed. R. Evid. 602. Speculation. Fed. R. Evid. 602. Calls for Improper Expert Opinion. Fed. R. Evid. 701, 702. |

## **DEPOSITION OF CPL. KERRY PIPPIN (Ex. 10)**

### **OBJECTIONS**

| PAGE/LINE | OBJECTION |
|---|---|
| 39:16-22 | Calls for Improper Expert Opinion. Fed. R. Evid. 701, 702. Speculation. Fed. R. Evid. 602. |

## **DEPOSITION OF AARON RILEY (Ex. 11)**

### **OBJECTIONS**

| PAGE/LINE | OBJECTION |
|---|---|
| 14:5-15 | Lack of completeness. Fed. R. Evid. 106. |
| 18:3-9 | Calls for Improper Expert Opinion. Fed. R. Evid. 701, 702. Lack of foundation. Fed. R. Evid. 602 |
| 23:23-24:9 | Calls for Improper Expert Opinion. Fed. R. Evid. 701, 702. Lack of foundation. Fed. R. Evid. 602 |
| 24:13-25:1 | Calls for Improper Expert Opinion. Fed. R. Evid. 701, 702. Lack of Foundation. Fed. R. Evid. 602. |
| 25:25-26:1-5 | Lack of completeness. Fed. R. Evid. 106. |

Dated: April 28, 2023   Respectfully submitted,

*/s/ Jennifer J. Artman*
Robert T. Adams *(pro hac vice)*
Jennifer J. Artman *(pro hac vice)*
Connor Smith *(pro hac vice)*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard

7

Kansas City, Missouri 64108
Telephone (816) 474-6550
rtadams@shb.com
jartman@shb.com
cwsmith@shb.com

and

Jamie Huffman Jones (AR Bar No. 2003125)
FRIDAY, ELDREDGE & CLARK, L.L.P.
3350 S. Pinnacle Hills Pkwy., Suite 301
Rogers, Arkansas 72758
Telephone: (479) 695-2117
Facsimile: (501) 537-2922
jjones@fridayfirm.com

***Attorneys for Defendants Kia America, Inc. and Kia Corporation***

8

## **CERTIFICATE OF SERVICE**

   This will certify that on this April 28, 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which shall send notification of such filing to all parties:

                */s/ Jennifer J. Artman*
                Jennifer J. Artman